**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

United Fire & Casualty Company,      )
                                     )
                    Plaintiff,       )  Case No. 1:15-CV-515
                                     )
        vs.                          )
                                     )
AMS, Inc., <u>et al.</u>,            )
                                     )
                                     )
                    Defendants.      )

O R D E R

This matter is before the Court on motions for summary judgment filed by Plaintiff United Fire & Casualty Company (Doc. Nos. 11, 26, 32)[1] and Defendants' AMS, Inc., AMS Equipment Leasing, Inc., AMS Tech, Inc., and David W. Aberman's motion for summary judgment (Doc. No. 33).  For the reasons that follow, Plaintiff's motions for summary judgment are well-taken and are **GRANTED**; Defendants' motion for summary judgment is not well-taken and is **DENIED**.

I. Background

In June 2013, Defendant AMS, Inc. ("AMS") submitted a bid to the Cincinnati Metropolitan Housing Authority ("CMHA") for the Setty Kuhn Terrance modernization project.  AMS's bid to complete the project was $3,348,000.  In conjunction with its bid,

---

[1] Plaintiff originally filed these motions as Rule 12(b)(6) motions to dismiss.  On June 13, 2016, the Court gave notice to Defendants under Rule 12(d) that it intended to convert the motions to dismiss into Rule 56 motions for summary judgment.  Doc. No. 43.  The same order provided Defendants fourteen days to supplement the record with any additional materials.  Defendants have not supplemented the record within the time allowed.  Plaintiff's motions to dismiss are therefore converted to motions for summary judgment in accordance with the Court's notice.

AMS provided a bid bond issued by Plaintiff United Fire & Casualty Company ("United Fire"). The bid bond had a penal sum of 5% of the total bid or $167,400. Complaint Ex. A. AMS and Defendants AMS Equipment Leasing, Inc., AMS Tech, Inc., and David W. Aberman, President of AMS, had previously executed an indemnity agreement with United Fire agreeing to reimburse United Fire in the event it was required to execute any bond. Complaint Ex. D.

CMHA awarded the Setty Kuhn project to AMS in July 2013. CMHA allegedly required AMS to provide a performance bond as a condition of awarding the contract to AMS. In August 2014, CMHA requested AMS to provide it with a copy of its performance bond. Defendant Aberman, on behalf of AMS, responded to CMHA that "due to the current state of the Contract Documents, specifically the Electrical Drawings, the project is impossible to complete and we are unable to provide you with a Performance Bond at this time." Doc. No. 1, at 32. In September 2014, CMHA cancelled its contract with AMS due to AMS's failure to provide a performance bond and rebid the project to another contractor. Id. at 34.

CMHA presented a claim to United Fire to collect the penal sum of AMS's bid bond. In April 2015, CMHA and United Fire entered into a settlement agreement in which United Fire agreed to pay CMHA the full penal sum of the bid bond in exchange for a release of claims under both the bid bond and the performance bond. Amended Complaint Ex. E. United Fire then filed this lawsuit against AMS, AMS Equipment Leasing, AMS Tech, and David W. Aberman to enforce the indemnity agreement and to recover the penal sum of the bid bond it paid to CMHA.

In general, Defendants deny liability to United Fire under the indemnity agreement. Additionally, Defendants counterclaimed United Fire for breach of contract, bad faith performance of the surety agreement, and breach of fiduciary duty.

More specifically, Defendants allege that AMS was unable to complete the work on Setty Kuhn Terrace project because of CMHA's alleged failure to provide correct electrical drawings. Defendants further allege that correspondence that United Fire sent to CMHA indicates that United Fire did in fact issue a performance bond for the project. Thus, according to Defendants, AMS fulfilled all conditions precedent to CMHA under the bid bond.

Defendants further allege that United Fire, "in direct violation of its fiduciary duties" to them, settled CMHA's claim under the bid bond even though United Fire had no liability to pay CMHA. Doc. No. 6, at 7 (AMS Counterclaim ¶ 14); Doc. No. 12, at 8 (Aberman Counterclaim ¶ 15). In other words, according to the counterclaims, Defendants did not breach any of its obligations to CMHA under the bid bond and United Fire should not have settled with CMHA for the penal sum of the bond.

Defendants allege that United Fire, to their detriment, settled CMHA's claim under the bid bond in bad faith order to avoid a more significant claim under the performance bond. Defendants allege that it became aware that United Fire was attempting to settle CMHA's claim and advised it not to pursue a settlement because it had "significant defenses" to CMHA's claim. Doc. No. 12, at 18. Defendants allege that United Fire acted in bad faith by:

1. failing to advise Defendants of the underlying reason and purpose for the settlement;

    2. failing to advise Defendants that its motive in settling CMHA's claim was to avoid exposure under the performance bond;

    3. failing to inform Defendants of the settlement and concluding the settlement in "reckless disregard" of their right to be informed; and

    4. failing to inform Defendants of the circumstances of the settlement.

In their counterclaims, Defendants seek compensatory damages in the amount of $167,400.00, punitive damages in the amount of $300,000, and reasonable attorney's fees and costs.

    United Fire moved to dismiss Defendants' counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief.   As stated, these motions to dismiss are now motions for summary judgment. United Fire asserts a number of grounds for dismissing Defendants' counterclaims which the Court discusses in more detail below.  In turn, Defendants have moved for summary judgment on United Fire's claim against them under the indemnity agreements.

    The Court takes up these issues seriatim.

## II. <u>Summary Judgment Standard of Review</u>

    The court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  An assertion of a undisputed fact must be supported by citations to particular parts of the record, including depositions, affidavits, admissions, and interrogatory answers.  The party opposing a properly supported summary judgment motion "'may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.'"  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986) (internal quotation omitted).

4

The Court is not duty bound to search the entire record in an effort to establish a lack of material facts.  Guarino v. Brookfield Township Trs., 980 F.2d 399, 404 (6th Cir. 1992).  Rather, the burden is on the non-moving party to "present affirmative evidence to defeat a properly supported motion for summary judgment," Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989), and to designate specific facts in dispute. Anderson, 477 U.S. at 250.  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The court construes the evidence presented in the light most favorable to the non-movant and draws all justifiable inferences in the non-movant's favor.  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

The court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  Anderson, 477 U.S. at 249.  The court must assess "whether there is the need for trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Id. at 250.  "If the evidence is merely colorable, . . .  or is not significantly probative, . . . the court may grant judgment."  Anderson, 477 U.S. at 249-50 (citations omitted).

III. Analysis

A. United Fire's Motions for Summary Judgment are Well-Taken

1.  The plain language of the indemnity agreement gave United Fire the right to settle any claims against the bid bond.  See Doc. No. 38-1, at 8 ("The Surety shall have the right to adjust, settle or compromise any claim, demand, suit or judgment upon the bonds. . . .").  Defendants could have, however, prevented United Fire from settling CMHA's claim

5

against the bid bond by demanding United Fire to defend against CMHA's claim and by posting collateral sufficient to United Fire. See id. (". . . unless the Contractor and the Indemnitors shall request the Surety to litigate such claim or demand, or to defend such suit, or to appeal from such judgment, and shall deposit with the Surety, at the time of such request, cash or collateral satisfactory to the Surety in kind and amount, to be used in paying any judgement or judgements [sic] rendered or that may be rendered[.]") (emphasis added).

2. In this case, while Defendants demanded that United Fire defend CMHA's claim against the bid bond because it allegedly had valid defenses against CMHA's termination of the underlying contract,[2] the record is clear that Defendants did not deposit any collateral with United Fire. Indeed, counsel for Defendants admitted to United Fire that they could not provide collateral to United Fire.[3] Because Defendants did not fulfill each of the conditions precedent necessary to trigger United Fire's duty to defend CMHA's claim against the bid bond, the plain terms of the indemnity agreement authorized United Fire to settle the claim. Campbell v. George J. Igel & Co., Inc., 3 N.E.3d 219, 223 (Ohio Ct. App. 2013)("If a condition precedent is not met, a party is excused from performing the duty

---

[2] See Letter from Defendants' counsel to United Fire's counsel dated February 19, 2015 (Doc. No. 38-1, at 59) ("[P]lease assist AMS in the defense of this matter and its counterclaim against CMHA.").

[3] See id. ("I did indicate that AMS did lack financial wherewithal to provide collateral to United."); Williams v. Union Carbide Corp., 790 F.2d 552, 555 (6th Cir. 1986) ("It is the general rule that statements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney.")(internal quotation marks omitted); see also Amended Counterclaim Ex. F (Doc. No. 30, at 19)(letter dated March 5, 2015 from Defendants' counsel to United Fire's counsel objecting to settlement with CMHA but not offering to post collateral).

promised under the contract.")(internal brackets omitted); <u>Willis v. Gall,</u> 31 N.E.3d 678, 682 (Ohio Ct. App. 2015)("If a contract is clear and unambiguous, the court need not go beyond the plain language of the agreement to determine the parties' rights and obligations; instead, the court must give effect to the agreement's express terms.")(internal quotation marks omitted).

3. It is not bad faith for a party to exercise a right specifically given to it under the terms of a contract.  <u>CosmetiCredit, L.L.C. v. World Fin. Network Nat'l Bank</u>, 24 N.E.3d 762, 774 (Ohio Ct. App. 2014)("Under the law generally applicable to contracts . . . a contracting party is entitled to enforce the terms of the contract as written, and bad faith could not attach to such enforcement of explicit contractual rights. Firms that have negotiated contracts are entitled to enforce them to the letter, even to the great discomfort of their trading partners, without being mulcted for lack of 'good faith.'")(internal quotation marks omitted).  Since United Fire had the unilateral right under the terms of the indemnity agreement to settle claims against the bid bond, it did not, as a matter of law, act in bad faith when it settled CMHA's claim without Defendants' consent.

4. The record establishes that United Fire acted in good faith when it settled CMHA's claim against the bid bond.  The record contains extensive correspondence between United Fire and Defendants in which United Fire lays out in some detail CMHA's claim against the bid bond, CMHA's potentially much more significant claim against the performance bond, and the risks of not settling CMHA's claim against the bid bond.  Moreover, on several occasions, United Fire requested Defendants to provide it information on the defenses it believed were available against CMHA.  It is not too much of a stretch to say that United

Fire begged Defendants to assist in resolving the dispute with CMHA. Defendants simply failed to cooperate with United Fire. Doc. No. 38-1, at 33-35, 55-58, 60-63.

5. Although from a different jurisdiction, Fidelity & Deposit Co. of Md v. C.E.Hall Constr. Co., 627 Fed. Appx. 793 (11th Cir. 2015), is exactly on point. The facts in Fidelity case are materially indistinguishable, and the indemnity agreement at issue in that case contains the same language as the one involved here. In that case, the surety issued payment and performance bonds to a company that had contracted to build a church. In turn, the contracting company and the individual owner of the company agreed to indemnify the surety against losses on the bonds. Later, the church terminated the contractor and demanded payment under the bonds. The contractor requested the surety not to pay the claims but declined to post collateral to the surety. The surety settled all of the claims against the bonds and sought indemnity from the indemnitors. The indemnitors then sued the surety, arguing that it acted in bad faith when it settled the claims. Id. at 794-95.

The district court and the Court of Appeals disagreed. As in this case, the indemnity agreement gave the surety the right to settle claims against the bonds and required the contractor to post collateral satisfactory to the surety in order to trigger the surety's duty to defend claims against the bonds. Id. at 795. Since it was undisputed that the contractor did not post collateral, the Court ruled that the surety was entitled to settle the claims in good faith. Id. at 795-96. The Court also held that the surety settled the claims in good faith, noting that the surety conducted an investigation into the claims before deciding to settle them. The Court stated that the contractor's disagreement with the results of the investigation was not evidence of bad faith. Id. Consequently, the Court of Appeals affirmed the district court's grant of summary judgment to the surety. Id. at 797.

8

In this case, although Defendants requested United Fire to defend CMHA's claim against the bid bond, they did not provide collateral to United Fire.  Therefore, United Fire had no contractual duty to defend CMHA's claim against the bond even if, as Defendants contend, they had valid defenses to CMHA's claim and CMHA's termination of the underlying contract.[4]  Moreover, as just explained, the record reflects that United Fire conducted a very thorough analysis of CMHA's claim against the bid bond and the risks of not settling the claim, which not unimportantly included exposure to an even more significant claim against the performance bond.  Additionally, United Fire asked Defendants on a number of occasions to provide it with information and assistance on the defenses they purported to have against CMHA's claim, but Defendants never responded in any substantive fashion.  Under all of those circumstances, it is not reasonable to conclude that United Fire acted in bad faith in settling CMHA's claim against the bid bond.        Finally, given that CMHA was threatening a much larger claim under the performance bond, the settlement United Fire did achieve arguably enured to Defendants' overall benefit since they would have had to indemnify United Fire had CMHA ultimately established liability under the performance bond.  Cf. American Contractor's Indem. Co. v. Nicole Gas Prod., Ltd., No. 07AP-1039, 2008 WL 4416671, at *4 (Ohio Ct. App. Sept. 30, 2008) ("Significantly, this cost-benefit analysis was on behalf of appellants, too, since they would

---

[4] For instance, Defendants contend that they performed all of their obligations to CMHA under the bid bond.  This might have been a good defense to CMHA's claim against the bond had Defendants fulfilled the conditions precedent, but since they did not, this argument is irrelevant as to whether they are now liable to United Fire under the indemnity agreement.

9

have been liable under the indemnity agreement for any costs ACIC incurred in appealing the district court's order.")

7. Accordingly, United Fire's motion to dismiss Defendants' counterclaims is well-taken and is **GRANTED.**

B. <u>Defendants' Motion for Summary Judgment Is Not Well-Taken</u>

1. Defendants move for summary judgment on United Fire's claim for indemnity under the terms of the indemnity agreements.  Defendants are not entitled to summary judgment, however, because United Fire unequivocally had the right to settle CMHA's claims against the bid bond because Defendants did not fulfill the conditions precedent necessary to require United Fire to defend the claim.  Additionally, the record shows beyond any reasonable question that United Fire acted in good faith when it settled CMHA's claim.  "When an indemnitor expressly agrees to indemnify an indemnitee except in certain specified instances, and it is determined that the exceptions do not pertain, the indemnitor is obligated to indemnify the indemnitee under the terms of the agreement." <u>Worth v. Aetna Cas. & Sur. Co.</u>, 513 N.E.2d 253, 256 (Ohio 1987).  Since the record establishes that there are no exceptions to Defendants' duty to indemnify United Fire, Defendants are not entitled to summary judgment on United Fire's claims.

2. Contrary to Defendants' motion, Ohio Rev. Code § 153.54 does not limit their liability to United Fire to CMHA's costs associated with rebidding the project.  Although there apparently are no cases, reported or otherwise, which address the amount of damages available under § 153.54, the plain language of the statue indicates that it is a limitation on the damages that the political subdivision or agency may recover from the surety and contractor under the bid bond; it does not, however, purport to limit the surety's

recovery against the indemnitor under a separate, private indemnity agreement. <u>See</u> Ohio Rev. Code § 153.54(B) ("If the state, political subdivision, district, institution, or agency does not award the contract to the next lowest bidder but resubmits the project for bidding, <u>the bidder failing to enter into the contract and the surety on the bidder's bond</u>, except as provided in division (G) of this section, <u>are liable to the state, political subdivision, district, institution, or agency</u> for a penal sum not to exceed ten per cent of the amount of the bid or the costs in connection with the resubmission of printing new contract documents, required advertising, and printing and mailing notices to prospective bidders, whichever is less.") (emphasis added); <u>Deutsche Bank Nat'l. Trust Co. v. Tucker</u>, 621 F.3d 460, 463 (6th Cir. 2010)("If the statutory language is unambiguous, the judicial inquiry is at an end, and the plain meaning of the text must be enforced.")(internal quotation marks omitted).

3. Accordingly, Defendants' motion for summary judgment is not well-taken and is **DENIED.**

**IT IS SO ORDERED**

Date June 29, 2016          s/Sandra S. Beckwith
                            Sandra S. Beckwith
                            Senior United States District Judge