IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United Fire & Casualty Company, | ) |
| Plaintiff, | ) Case No. 1:15-CV-515 |
| vs. | ) |
| AMS, Inc., et al., | ) |
| Defendants. | ) |

O R D E R

This matter is before the Court on the motion for reconsideration filed by Defendants AMS, Inc., AMS Equipment Leasing, Inc., AMS Tech, Inc., and David Aberman (Doc. No. 45). For the reasons that follow, Defendants' motion for reconsideration is not well-taken and is **DENIED.**

Plaintiff United Fire & Casualty Company ("United Fire") filed this lawsuit against Defendants to recover pursuant to an indemnity agreement in which Defendants agreed to reimburse United Fire if United Fire was required to execute on any bond issued for them. The summary judgment record established that: 1) United Fire issued bid and performance bonds for Defendants related to a redevelopment project contracted out by Cincinnati Metropolitan Housing Authority ("CMHA"); 2) the penal sum of the bid bond was 5% of the contract or $167,400; 3) Defendants did not provide CMHA with the performance bond; 4) as a result, CMHA declared Defendants in default of the bid bond; 5) Defendants failed to comply with a condition precedent in the indemnity agreement which would have required United Fire to defend against CMHA's claim; and 6) United Fire paid CMHA

1

$167,400 in settlement of its claim against the bid bond as well as a potentially much larger claim against the performance bond. See generally Doc. No. 44.

In the course of concluding that United Fire did not breach any of its obligations under the indemnity agreement, and that Defendants failed to comply with a condition precedent in the indemnity agreement, the Court rejected Defendants' argument that Ohio Rev. Code § 153.54 limited United Fire's recovery against them to CMHA's cost of re-bidding the project. The Court ruled that § 153.54 did not apply in this case because the plain language of the statute showed that it was a limitation on the damages a political subdivision can recover against the contractor. The statute, however, "does not . . . purport to limit the surety's recovery against the indemnitor under a separate, private indemnity agreement." Doc. No. 44, at 10-11.

Defendants now move the Court to reconsider that portion of its order ruling that § 153.54 is not a limitation on United Fire's damages. In their motion, Defendants argue that common law subrogation principles preclude United Fire from recovering from them more than CMHA could recover from them under § 153.54. In other words, Defendants contend that despite the plain language and terms of the indemnity agreement, United Fire's damages against them are limited by the damages available to CMHA under § 153.54.

Defendants, however, are raising their subrogation argument for the first time in their motion for reconsideration. Arguments raised for the first time in a motion for reconsideration have been waived and are not grounds for relief from judgment. Evanston Ins. Co. v. Cogswell Prop., LLC, 683 F.3d 684, 691-92 (6th Cir. 2012); Roger Miller Music, Inc. v. Sony/ATV Pub., LLC, 477 F.3d 383, 395 (6th Cir. 2007).

Accordingly, Defendants' motion for reconsideration is not well-taken and is **DENIED.**

**IT IS SO ORDERED**

Date August 15, 2016                  s/Sandra S. Beckwith
                                                                       Sandra S. Beckwith
                                           Senior United States District Judge